## VAN KANNEL REVOLVING DOOR CO. v. SLOANE et al.

(Supreme Court, Appellate Division, First Department. December 6, 1907.)

1. MECHANICS' LIENS—DEFENSE—PAYMENT TO CONTRACTOR.

Plaintiff's complaint to enforce a mechanic's lien as against the contractor and owner having been dismissed, plaintiff appealed, in so far as the judgment affected the contractor, and after his time to appeal as to the owner had expired, the owner paid to the contractor the balance due, which was more than sufficient to satisfy plaintiff's claim. Held, that such payment, notwithstanding a reversal of the judgment as to the contractor, constituted a defense to plaintiff's claim of lien against the contractor, unless the money paid was impressed with a trust, or was intended to take the place of the property against which the lien was asserted, the property improved being the basis of the lien as provided by Lien Law, Laws 1897, p. 516, c. 418, § 3.

**2. DEPOSITS IN COURT—RIGHT TO REQUIRE.**
    Where, after a subcontractor's complaint to enforce a mechanic's lien had been dismissed, he appealed only as to the contractor, and after his time to appeal as to the owner had expired the latter paid the amount due to the contractor, the court, after reversal of the judgment as to the contractor, had no power to order him to pay into court an amount sufficient to satisfy plaintiff's claim, where the right to the money and the existence of a lien are disputed.
    Houghton, J., dissenting.

Appeal from Special Term.

Action by the Van Kannel Revolving Door Company against W. & J. Sloane, impleaded with others. From an order directing payment into court of a specified sum of money, defendant Sloane appeals. Reversed.

See 104 N. Y. Supp. 653.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, HOUGHTON, and SCOTT, JJ.

Selden Bacon, for appellant.

Hector M. Hitchings, for respondent.

McLAUGHLIN, J.  This action was brought to foreclose a mechanic's lien upon certain real estate in the city of New York, of which the defendant Astor is the owner. He had a contract with the appellant for the performance of certain work on a building erected upon the real estate. The plaintiff was a subcontractor under the appellant. At the time of the filing of the notice of lien and of the commencement of this action, Astor owed Sloane, under its contract, a sum in excess of the plaintiff's alleged lien, and which, in the answer interposed by him, he alleged he was holding because of the alleged lien of the plaintiff, and that he could not safely pay this amount to any one until the respective rights of all the parties to the action were adjudicated and settled.

The action was subsequently tried, and the complaint as to all of the defendants dismissed upon the merits. The plaintiff appealed as to Sloane, but not from the judgment dismissing the complaint against Astor. After the time had expired within which an appeal could have been taken against Astor, he paid to Sloane the amount due it under the contract. The judgment, in so far as it related to Sloane, was reversed and a new trial ordered. 119 App. Div. 214, 104 N. Y. Supp. 653. The facts which were developed at the trial are set forth at length in the opinion which was delivered by Mr. Justice Lambert, writing for a majority of the court, reversing the judgment. They were substantially the same as those set out in the papers used on the motion, which resulted in the order here appealed from, and therefore it is not necessary to again state them. In the opinion he said:

"As we view the law applicable to the facts appearing in the appeal book herein, a reversal of the judgment would be unavailing to the appellant. The foundation of this action is the lien upon the 'real property improved or to be improved and upon such improvement.' Lien Law, Laws 1897, p. 516, c. 418, § 3. This foundation has been taken away by the judgment dismissing the complaint upon the merits as against the owner of the real property, and now made conclusive by reason of the expiration of the time within

which an appeal might have been taken as of right. Before the argument of this appeal, however, a motion was made by the respondent upon notice to dismiss the appeal herein. From the record there disclosed it appears that the owner, Mr. Astor, after the time to take an appeal as to him had expired, and under some alleged stipulated right, paid the balance of the contract price of construction of the building in question to the general contractor [Sloane], and it may be that upon a trial of the case it will be shown that the money payment was to be held as a substitute for the 'real property improved,' to abide the event of the action, or that it was paid and received under such circumstances that it became impressed with a trust available to the payment."

After the judgment had been reversed by this court, the plaintiff made a motion to be relieved from the stipulation referred to, and to compel Sloane to pay into court an amount sufficient to fully indemnify it for the principal of the lien, with interest and costs. The motion was granted, and Sloane was directed to pay into court the sum of $10,500, "said sum to take the place of the land covered by the plaintiff's lien." Sloane appeals from the order, except in so far as it relates to relieving the plaintiff from the stipulation.

I know of no possible theory upon which this order can be sustained. It is, to say the least, somewhat startling that the court can, simply by its own fiat, direct a party to pay a sum of money into court to take the place of an alleged lien, where the right to the money and the existence of the lien are disputed facts, to be determined upon the trial of an action brought for that purpose, and especially so in view of what this court determined on the appeal from the judgment. A majority of this court, in the opinion delivered, intimated that a reversal would be unavailing unless it could be shown—not on a motion but at the trial—that the money which was paid was to take the place and be a substitute for the real property against which the lien had been filed. There is not a suggestion in the moving papers that the money was paid by Astor, or received by Sloane, with this understanding, or that any facts exist showing, or tending to show, that the money paid was impressed with a trust for the plaintiff. The plaintiff's right to maintain the action is predicated upon the fact that he has a valid lien on the real estate. The judgment dismissing the complaint as to the owner of the real estate conclusively established that he did not have a valid lien. This being so, he cannot possibly succeed as against the defendant Sloane without showing facts from which the court can see that the money paid was impressed with a trust for its benefit, and whether it was impressed with such trust or not must be determined at the trial, and the court has no power, in advance of that, to summarily direct Sloane to pay into court a sum sufficient, if a recovery be had, to pay the same, together with interest and costs of this action.

The order, therefore, so far as appealed from, must be reversed, with $10 costs and disbursements, and the motion to that extent denied, with $10 costs. All concur, except HOUGHTON, J., who dissents.