VAN KANNEL REVOLVING DOOR CO. v. SLOANE et al.

(Supreme Court, Appellate Division, First Department.    December 6, 1907.

1. PLEADING—SUPPLEMENTAL ANSWER—LEAVE TO SERVE.

> Code Civ. Proc. § 544, provides that on application of either party the court in a proper case must permit him to make a supplemental pleading, alleging material facts which occurred after his former pleading, etc. *Held*, that where in a suit to enforce a mechanic's lien the complaint was dismissed on the merits, whereupon plaintiff appealed from the judgment in so far as it affected the original contractor, but not as to the owner, and the judgment was reversed, the contractor was entitled to leave to file a supplemental answer alleging the trial and dismissal as to the owner, plaintiff's failure to appeal therefrom, and that after the time to appeal had expired the owner paid the balance due to the contractor.

2. MECHANICS' LIENS—DEFENSES.

> Where, in a suit by a subcontractor to enforce a mechanic's lien, plaintiff only appealed from a judgment dismissing his complaint in so far as it affected the original contractor, and after the time to appeal had expired as to the owner he paid the contractor the balance due, such facts constituted a defense to plaintiff's claim for a lien against the contractor, in the absence of proof that the money so paid was impressed with a trust, and was intended to take the place of the lien on the land.

> Patterson, P. J., and Houghton, J., dissenting.

Appeal from Special Term.

Action by the Van Kannel Revolving Door Company against W. & J. Sloane, impleaded with others. From an order denying the motion of defendant Sloane for leave to serve a supplemental answer (104 N. Y. Supp. 653), it appeals. Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, HOUGHTON, and SCOTT, JJ.

Selden Bacon, for appellant.

Hector M. Hitchings, for respondent.

McLAUGHLIN, J.  This appeal is from an order denying a motion for leave to serve a supplemental answer, and was argued with the appeal from the order directing Sloane to pay into court a certain sum of money.

The facts involved on both appeals are substantially the same.  After the reversal of the judgment in so far as the same related to the defendant Sloane, it applied to the court for leave to serve a supplemental answer, setting up specifically the fact that the action had been tried, and resulted in a judgment dismissing the complaint as to Astor; plaintiff's failure to appeal therefrom; and the subsequent payment by Astor to Sloane of its claim.  Provision is made in section 544 of the Code of Civil Procedure for the serving of a supplemental pleading.  This section provides that upon the application of either party the court may, and in a proper case must, upon such terms as are just, permit him to make a supplemental complaint, answer, or reply, alleging material facts which occurred after his former pleading, or of which he was ignorant when it was made. The facts which were sought to be set up in the supplemental answer

occurred subsequent to the service of the original answer. They were material and necessary to be alleged in order to enable Sloane to prove them. The facts proposed to be set out in the supplemental answer will, under our former decision, constitute a valid defense to the plaintiff's claim, unless it can show that when the payment was made the money was impressed with a trust, and was intended to take the place of the lien on the land. Indeed, I do not see how the plaintiff is in a position, without serving a supplemental complaint, to maintain the action, it having, by failing to appeal from the judgment against Astor, relinquished its lien upon the land. But however this may be, the defendant Sloane, as it seems to me, has an absolute right to have its answer put in such shape as will enable it to prove facts which will constitute a perfect defense to the action, unless the plaintiff can establish that by reason of the existence of other facts such defense ought not to prevail.

The order appealed from, therefore, should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur, except PATTERSON, P. J., and HOUGHTON, J., who dissent.